﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 210109-129240
DATE: February 26, 2021

THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes.

REMANDED

Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes is remanded.

REASONS FOR REMAND

The Veteran had active service from March 1964 to April 1968. 

The rating decision on appeal was issued in January 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the January 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board of Veterans’ Appeals (Board) may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claim for further development, this additional evidence will be considered by the RO in the adjudication of this claim.

Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes is remanded.

The Board notes that in January 2020 the AOJ made the following favorable findings: the Veteran has been diagnosed with hypertension and in-service exposure to herbicide agents is conceded.

The issue of entitlement to service connection for hypertension, to include as secondary to diabetes, is remanded to correct a duty to assist error that occurred prior to the January 2020 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a December 2019 medical opinion prior to the January 2020 rating decision on appeal. While the medical opinion addresses the theory that the Veteran’s hypertension is due to his Agent Orange exposure and the theory that the Veteran’s hypertension is due to his service-connected diabetes, the opinion does not address whether the Veteran’s hypertension has been aggravated by his service-connected diabetes. 

In June 2019 the Veteran filed a claim of service connection for hypertension, claiming it as due to herbicide agent exposure or as secondary to his diabetes mellitus type II (diabetes). To establish secondary service connection, a Veteran must provide evidence of (1) a current, non-service-connected disability, (2) a current service-connected disability, and (3) evidence that the non-service-connected disability is either (i) proximately due to or the result of a service-connected disability or (ii) aggravated (increased in severity) beyond its natural progression by a service-connected disability. 38 U.S.C. § 1110; Allen v. Brown, 7 Vet. App. 439, 446 (1995); 38 C.F.R. § 3.310.

As noted above, the AOJ found that the Veteran has been diagnosed with hypertension. The Board also notes that the Veteran is service connected for diabetes. Thus, the remaining question is whether there is evidence that the Veteran’s hypertension is proximately due to or aggravated beyond its natural progression by the Veteran’s diabetes. When evaluating eligibility for service connection on a secondary basis, the Department of Veterans Affairs (VA) must consider both whether a claimed disability is proximately due to a service-connected disability, and/or whether the claimed disability is aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 446 (1995); 38 C.F.R. § 3.310(b). Once VA undertakes the effort to provide an examination when developing a claim, the examination must be an adequate one. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

In December 2019 the AOJ obtained a medical opinion that addressed whether the Veteran’s hypertension was proximately due to or the result of the Veteran’s diabetes. However, the AOJ did not request, nor did the March 2020 VA examiner provide, an opinion as to whether the Veteran’s hypertension was aggravated (i.e. increased in severity beyond its natural progression) by his service-connected diabetes. Therefore, the March 2020 VA examination is inadequate for adjudication purposes, and the failure to obtain an adequate examination constitutes a pre-decisional duty to assist error by the AOJ. The Board concludes that remand is necessary to correct this duty to assist error.

The matters are REMANDED for the following action:

Forward the claims file, including this remand, to the examiner who provided the December 2019 opinion. If the December 2019 examiner is unavailable, or is unable to offer the opinion sought, the requested opinions should be obtained from another appropriately qualified clinician. The examiner shall indicate in the addendum report that the claims file was reviewed. The need for an additional in person examination is left to the discretion of the medical professional offering the addendum opinion.

The examiner should provide an addendum opinion that addresses whether it is at least as likely as not that the Veteran’s hypertension has been aggravated (i.e. increased in severity) beyond its natural progression by a service-connected disability, to include his service-connected diabetes mellitus type II. If the examiner finds there has been aggravation, they should identify the degree of disability over and above the degree of disability existing prior to the aggravation (i.e., please identify the baseline level of disability). 

A complete rationale should be given for all opinions and conclusions expressed. If the examiner cannot provide an opinion without resorting to speculation, it is essential that the examiner explain why an opinion cannot be provided and specifically state whether the inability to provide an opinion is due to the limits of the examiner’s knowledge, the limits of medical knowledge in general; or there is additional evidence that would allow for an opinion on this matter.

 

 

Michael A. Pappas

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. E. Geary, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.